HEATHER E. WILLIAMS, Bar #122664
Federal Defender
ERIN SNIDER, Bar #304781
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
ARTURO CARMONA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cr-00028-AWI |
| Plaintiff, | DEFENDANT ARTURO CARMONA'S *UNOPPOSED* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; ORDER |
| vs. | |
| ARTURO CARMONA, | |
| Defendant. | |

Defendant Arturo Carmona, through his attorney, Assistant Federal Defender Erin Snider, hereby moves this Court for early termination of his term of supervised release.  The probation office and the government do not oppose this motion.

**PROCEDURAL BACKGROUND**

On November 5, 2014, Mr. Carmona pled guilty to one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1).  On February 17, 2015, this Court sentenced Mr. Carmona to five months of imprisonment and thirty-six months of supervised release.  Mr. Carmona completed his sentence of imprisonment and began his supervised release term on or about August 7, 2015.

**LEGAL STANDARD**

Title 18, United States Code, Section 3583(e) provides that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one

year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).[1]  In determining whether early termination is appropriate, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the United States Sentencing Guidelines; any pertinent policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense.  *See id.* (instructing courts to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)").

**FACTUAL BASIS SUPPORTING MOTION**

Prior to pleading guilty in the instant case, Mr. Carmona participated in and successfully completed both the twelve-step Moral Reconation Therapy program as well as the Better Choices Court Program.  As reflected in the minutes for his October 16, 2014 Better Choices Court appearance, Mr. Carmona completed these programs in "record time."  Docket No. 33.  Since his release from imprisonment, Mr. Carmona has continued to do well.  In the year and a half that he has been on supervision, he has remained sober, maintained steady employment with Brandt Farms, and supported his two children.

United States Probation Officer Nicole Wright is currently supervising Mr. Carmona.  She confirms that Mr. Carmona has been compliant and has had no violation conduct while on supervised release.  Ms. Wright does not oppose early termination of supervision.  The government likewise does not object to early termination of supervision.

---

[1] A court must also follow the procedure outlined in Federal Rule of Criminal Procedure 32.1(c), which requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(c).  There are exceptions to the hearing requirement, including if the person waives the hearing or if the relief is favorable to the defendant and the government does not object.  *Id.*  A hearing is not required in this case, as Mr. Carmona is seeking relief that is favorable to him and the government does not object.

# CONCLUSION

Based on the foregoing, Mr. Carmona respectfully requests that this Court grant his motion for early termination of supervised release. Mr. Carmona has been effectively rehabilitated, is a contributing member of society, and is living a law-abiding life. As there is no need for continued supervision by the probation office, his supervised release should be terminated.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: February 22, 2017        */s/ Erin Snider*
ERIN SNIDER
Assistant Federal Defender
Attorney for Defendant
ARTURO CARMONA

# **O R D E R**

**IT IS SO ORDERED.** Pursuant to 18 U.S.C. § 3583(e), the Court hereby terminates Defendant Arturo Carmona's term of supervised release.

IT IS SO ORDERED.

Dated:   February 24, 2017            _____
SENIOR DISTRICT JUDGE

3